# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARK ANDERSON,
    Appellant,

   v.

DEPARTMENT OF THE INTERIOR,
    Agency.

DOCKET NUMBER
SF-0752-16-0451-I-1

DATE: January 31, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Dusty Parson, Boise, Idaho, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1   The appellant has filed a petition for review of the initial decision, which sustained his removal on the basis of a medical inability to perform the duties of his position. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   The appellant was employed as a Hydromechanic. Initial Appeal File (IAF), Tab 4 at 16. The agency proposed his removal on February 17, 2016, on the basis of his medical inability to perform due to his medical conditions. *Id*. at 51-53. The appellant orally replied and submitted documents in support of his reply. *Id*. at 20-37. The agency imposed the appellant's removal on March 29, 2016. *Id*. at 17-18. He filed the instant appeal challenging his removal and requested a hearing. IAF, Tab 1.

¶3   After holding the appellant's requested hearing, the administrative judge sustained his removal. IAF, Tab 25, Initial Decision (ID). She found that the agency proved its charge of medical inability to perform. ID at 7-13. She also found that the appellant failed to prove the following affirmative defenses: disability discrimination on the basis of failure to provide a reasonable accommodation; equal employment opportunity (EEO) retaliation; harmful procedural error or a due process violation based on his allegation that he was

unable to select the representative of his choice; and that the action was not in accordance with law based on an agency disclosure in 2009 that he asserted violated the Health Insurance Portability and Accountability Act of 1996. ID at 13-26. She further found that the agency established that the removal promoted the efficiency of the service and that the penalty of removal was within the tolerable limits of reasonableness. ID at 26-28.

¶4 The appellant has filed a petition for review in which he primarily challenges the administrative judge's finding that he failed to prove his disability discrimination claim.[2] Petition for Review (PFR) File, Tab 5. The agency has not responded.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 An agency is required to make reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. *See Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014). Reasonable accommodation includes modifications to the manner in which a position is customarily performed to enable a qualified individual with a disability to perform the essential job

---

[2] The appellant has not challenged the administrative judge's findings that the agency proved its charge, the removal action promoted the efficiency of the service, and the penalty was within the tolerable limits of reasonableness. Petition for Review (PFR) File, Tab 5. He also did not challenge her findings that he failed to establish that the agency retaliated against him for his prior EEO activity, that the agency did not commit harmful procedural error or a due process violation regarding the selection of his representative, and that he had not proven his claim that the removal was not in accordance with law. *Id.* We find no reason to disturb these findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

[3] Although the agency did not file a response to the petition for review, the agency's representative at that time entered a notice of appearance regarding the petition for review. PFR File, Tab 7.

functions. *Id.* To establish disability discrimination, an employee must show that: (1) he is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) he is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Id.*

¶6      The administrative judge found that, assuming the appellant meets the definition of a person with a disability under 29 C.F.R. § 1630.2(g) in that he has a medical condition that interferes with activities of daily living, he did not establish his affirmative defense of disability discrimination. ID at 13-18. She found that he did not establish that he could perform the essential functions of the Hydromechanic position with or without reasonable accommodation because his physician stated that he was not able to maintain "the proper alertness" for that position. ID at 13-14; IAF, Tab 4 at 62. The appellant also did not otherwise identify a reasonable accommodation that would have allowed him to perform the essential functions of the position, and the administrative judge found that no such accommodation was apparent from the record. ID at 14. The administrative judge further concluded that the appellant did not establish that he could perform the essential functions of a vacant funded position to which he could have been reassigned. *Id*.

¶7      Although the appellant contended that the agency should have offered him a position that the agency identified in September 2016, IAF, Tab 20 at 10-11, the administrative judge found that the existence of this position did not demonstrate the existence of a vacant funded position to which the appellant could have been reassigned prior to his removal, ID at 16. She also found that the appellant failed to engage in the interactive process by failing to provide the agency with an updated résumé and responses to a brief questionnaire and affirmative statement that he was willing to accept a nonequivalent position. ID at 17-18. Pursuant to the requirements of the interactive process and agency policy, his refusal undermined his argument that the agency should have more thoroughly searched

for a vacant funded position for him. ID at 16; IAF, Tab 20 at 26-43. The administrative judge stated that his refusal to provide the agency the necessary information or engage in the interactive process supported a finding that the agency could not have provided him a vacant funded position. ID at 17-18; IAF, Tab 4 at 81-88, Tab 5 at 4-34. Thus, the administrative judge concluded that the appellant failed to prove his affirmative defense. ID at 18.

¶8    On review, the appellant argues that the agency improperly failed to assess his medical condition. PFR File, Tab 5 at 2-5. He previously asserted in his oral reply to the proposed removal that the agency could have ordered an independent fitness-for-duty examination and otherwise attempted to obtain medical information on his behalf. IAF, Tab 20 at 56. However, we find no reason that the agency would have collected additional medical information because the appellant submitted an August 2015 letter from his physician stating that it was unlikely that he would be able to return to the same work environment and that he could not continue in the same position. IAF, Tab 4 at 74. Thus, the agency already was able to determine that he could not perform the duties of his position without additional medical information. *Cf. Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶¶ 20-21 (2014) (finding that the agency was entitled to request medical documentation to determine whether the appellant met his position's requirement). As a result, the agency began the process for reassignment that would have allowed it to identify other positions for which the appellant was qualified, but he did not participate in this process.[4] IAF, Tab 4

[4] To the extent that the appellant is challenging whether the agency reviewed the medical evidence he submitted prior to his removal, we note that the agency specifically mentioned the August 2015 letter from his physician in determining that he could not be accommodated in his Hydromechanic position. IAF, Tab 20 at 48-49. The proposing official also specifically mentioned the letter. IAF, Tab 4 at 51. The appellant did not submit any subsequent medical information. IAF, Tab 20 at 53-58. We therefore see no basis for finding that the agency neglected to consider the appellant's medical information.

at 99-101. Accordingly, the agency would have had no reason to collect additional medical information.

¶9 The appellant next asserts that the agency failed to follow its procedures in that he was not required to submit an updated résumé and a questionnaire for the agency to begin a search for an alternative position and that his failure to do so would only have limited the agency's search to equivalent positions within the employing bureau/office and commuting area and/or limit consideration for certain categories of positions. PFR File, Tab 5 at 4. The agency notified the appellant that, pursuant to its policy, prior to initiating a search for any position, he was required to submit an updated résumé and questionnaire. IAF, Tab 4 at 77-78, Tab 5 at 37. He did not do so. If he had submitted a questionnaire requesting that the agency expand its search to a nonequivalent, vacant funded position in his bureau/office, it would have initiated this broader search under the policy. IAF, Tab 20 at 28. However, the possibility of this broader search does not affect the requirement that the appellant initially was required to submit a résumé.[5] On December 21, 2015, the agency issued a letter finding that he could not be reassigned because he did not provide the proper documentation. IAF, Tab 4 at 99-100. He was provided the opportunity to respond but did not do so. *Id*. Thus, contrary to the appellant's argument, agency policy required him to

---

[5] The appellant cites the agency's questionnaire, "Employee Questionnaire for Reassignment: Preferences on Parameters for Conducting an Expanded Search for a Vacant Position," for the proposition that he was not required to submit a résumé or questionnaire prior to the agency's initiating its search. PFR File, Tab 5 at 4. He cites the statement that, "[i]f you fail to respond to the questions above, the search for a vacant, funded position will be limited to 'equivalent' positions within the employing bureau/office and current commuting area." *Id.*; IAF, Tab 4 at 89. He also cites the statement that, "[i]f you answer 'no' to any question, or fail to answer any question, a search for vacant, funded positions *in that category* will not be conducted and you will have waived your right to consideration for such positions as a form of reasonable accommodation." PFR File, Tab 4 at 4 (emphasis added); IAF, Tab 4 at 87. By its very title, this questionnaire relates to the agency's expanding its job search—and not its initiation—and the statements above limit that expansion. This document does not affect the agency's requirement that the appellant submit a résumé prior to initiating its job search.

submit proper documentation, and, despite being provided ample opportunity to do so, he excluded himself from consideration for reassignment.

¶10    The appellant also challenges the administrative judge's finding that he failed to cooperate with the agency and failed to engage in the interactive process. PFR File, Tab 5 at 3.  To determine the appropriate reasonable accommodation, the agency may engage in an informal, "interactive process" with the employee. *See Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 21 (2014), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36; 29 C.F.R. § 1630.2(o)(3).  However, when the existence or nature of a reasonable accommodation is not obvious, and the employee fails to respond to reasonable requests for medical information and documentation, the agency will not be found to have violated its duty to provide a reasonable accommodation because the appellant failed to fulfill his obligations in the interactive process. *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 12 (2013).  The appellant requested a reasonable accommodation on November 14, 2015.  IAF, Tab 20 at 46.  The agency found that he was not qualified for his position and thus explained to him how to initiate the reassignment process.  IAF, Tab 4 at 77-78.  He did not do so. *Id*. at 99-100.  Further, the accommodation was not obvious, as the appellant did not identify what positions he would have accepted.  Given these facts, we agree with the administrative judge that the appellant failed to engage in the interactive process.  ID at 16-18.

¶11    The appellant next argues that the agency should have appointed him to the Security Guard position prior to his removal.  PFR File, Tab 5 at 3, 5.  However, as previously discussed, the appellant did not provide the necessary information for the agency to appoint him to the position.  IAF, Tab 4 at 99-100.  Further, as the administrative judge stated, there was no evidence that this position was

vacant and funded at the time of the appellant's removal.[6]   ID at 15-16. Accordingly, we sustain the appellant's removal.[7]   *See Brown*, [121 M.S.P.R. 205](#), ¶¶ 23-25 (finding that the appellant failed to prove that the agency discriminated against her by failing to reasonably accommodate her when the agency had previously offered to convert her to two positions and the agency was not required to assign her to another position because it was not vacant).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.   [5 U.S.C. § 7703](#)(a)(1).   By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   [5 U.S.C. § 7703](#)(b). Although we offer the following summary of available appeal rights, the Merit

---

[6] To the extent that the appellant asserts that the agency committed harmful procedural error in applying its procedures for providing reasonable accommodation, we find no such error in that, regardless of the application of procedures, the appellant did not demonstrate his entitlement to a reasonable accommodation in the form of reassignment because he failed to engage in the interactive process.

[7] The appellant challenges the administrative judge's denial of his motion to compel, which dismissed his discovery requests on timeliness grounds.  PFR File, Tab 5 at 5; IAF, Tab 18, Tab 21.  He also asserts that the administrative judge improperly denied his motion for his physician to testify by telephone at a later date after the hearing and his reconsideration motion.  PFR File, Tab 5 at 5; Hearing Compact Disc (HCD).  At the hearing, the administrative judge denied the appellant's motion regarding the additional testimony, stating that the appellant could have requested a subpoena for the physician and the hearing date had been set for a long time.  HCD.  An administrative judge has broad discretion in ruling on discovery matters, and, absent an abuse of discretion, the Board will not find reversible error in such rulings.  *Kingsley v. U.S. Postal Service*, [123 M.S.P.R. 365](#), ¶ 16 (2016); *see generally O'Connor v. Department of the Interior*, [21 M.S.P.R. 687](#), 690 (1984) (holding that the denial of the appellant's request of a subpoena duces tecum filed after the hearing closed was not improper when the appellant could not show that the evidence sought was not discoverable through use of due diligence).  Although the appellant disagrees with the administrative judge's rulings, he has not identified how she abused her discretion regarding such matters, and thus this disagreement does not provide a reason for disturbing the initial decision.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                                                        _____

                                                  Jennifer Everling
                                                  Acting Clerk of the Board

Washington, D.C.